**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**SAYED FAHIM AHMADI #A246-563-026** **CASE NO. 1:26-CV-03453 SEC P**

**VERSUS** **JUDGE ROBERT R. SUMMERHAYS**

**JONATHAN CRAWFORD ET AL** **MAGISTRATE JUDGE CAROL B. WHITEHURST**

**ORDER**

Presently before the Court is the Emergency Motion for Temporary Restraining Order and, In the Alternative, Preliminary Injunction [ECF No. 2]. Petitioner is a 29-year-old native and citizen of Afghanistan, who is currently confined by United States Immigration and Customs Enforcement.[1] On September 8, 2026, he filed his Petition for Writ of Habeas Corpus [ECF No. 1] seeking to be released from custody. He has filed the present Motion seeking an order that he not be transferred outside this district.

The purpose of a temporary restraining order "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[2] To warrant such relief, the movant must demonstrate: "(1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest."[3] "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should

---

[1] ECF. No. 1, p. 1.
[2] *Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also Saechao v. Noem*, 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026)
[3] *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)).

not be granted unless the movant clearly carries the burden of persuasion."[4] Further, preliminary injunctions should "not conclusively resolve legal disputes," and thus they should not be used as a vehicle for granting ultimate relief.[5]

Here, to the extent Petitioner asks the Court to stay his removal and order his immediate release, he seeks the ultimate relief sought in his habeas petition, which is inappropriate in a motion for injunctive relief.[6] This issue is more appropriately addressed through the ordinary adjudication of the habeas petition. To the extent Petitioner asks the Court to enjoin his transfer or removal while his habeas petition remains pending, his allegations that these actions will occur before the Court can rule on his habeas petition are wholly speculative and insufficient to support injunctive relief.[7]

For the foregoing reasons,

IT IS ORDERED THAT the Emergency Motion for Temporary Restraining Order and, In the Alternative, Preliminary Injunction [ECF No. 2] is DENIED.

THUS DONE in Chambers on this 9th day of September, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[4] *Canal Auth.*, 489 F.2d at 573.

[5] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).

[6] *See e.g. Torres Perez v. Warden of Prarieland Det. Ctr.*, No. 3:26-CV-858, 2026 WL 776039, at *1 (N.D. Tex. Mar. 19, 2026).

[7] *See, e.g.*, *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."); *Hogan v. Salazar*, No. 19-CV-255, 2020 WL 13833090, at *3 (W.D. Tex. Feb. 24, 2020) ("Mere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief.").